IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| OVERSEAS HARDWOODS COMPANY, INC., Plaintiff, | ) ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 1:19-00191-N |
| HOGAN ARCHITECTURAL WOOD PRODUCTS, LLC, *et al.*, Defendants. | ) ) ) ) | |

## ORDER

This action is before the Court *sua sponte* on review of its subject matter jurisdiction.[1] Upon consideration, the undersigned finds that the following defective allegations in support of subject matter jurisdiction must be remedied.

### I. Notice of Removal

This case was removed to this Court by Defendant Hogan Architectural Wood Products, LLC, which claims that its correct name is Hogan Architectural Hardwoods, LLC (hereinafter, "the Hogan LLC"), under 28 U.S.C. § 1441(a). In its Notice of Removal (Doc. 1), the Hogan LLC alleges diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for the Court's subject matter jurisdiction. *See* 28

---

[1] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id. See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal…containing a short and plain statement of the grounds for removal…").

Where, as here, a case is removed from state court, "[t]he burden of establishing subject matter jurisdiction falls on the party invoking removal." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir. 1999). *Accord, e.g.*, *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction."). "A defendant may remove an action to a district court that would have original jurisdiction if complete diversity between the parties exists and the amount in controversy exceeds $75,000." *City of Vestavia Hills*, 676 F.3d at 1313 (citing 28 U.S.C. § 1332). "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). "A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). *See also, e.g.*, *Ray v. Bird & Son & Asset Realization Co., Inc.*, 519 F.2d 1081, 1082 (5th Cir. 1975) ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction . . ." (citing *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974)).[2]

The Notice of Removal correctly alleges that the Plaintiff, a corporation, is a

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

citizen of Alabama. *See* (Doc. 1 at 7, ¶ 21 ("Plaintiff OHC is an Alabama corporation with its principal place of business in Mobile County, Alabama; and hence is a citizen of Alabama.")); 28 U.S.C. § 1332(c)(1). Correctly recognizing that, for purposes of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen[,]" *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam), the Notice of Removal also identifies the 3 members of the Hogan LLC: Defendant M. David Hogan, non-party Johnnie F. Hogan, and non-party the Succession of Paul M. Hogan, deceased. (Doc. 1 at 6, ¶ 16). The Notice alleges that M. David and Johnnie Hogan, both natural persons, are citizens of Louisiana. (*See id.*, ¶¶ 15, 17).

However, the Notice of Removal only ever alleges that decedent Paul M. Hogan, also a natural person, was a resident of Louisiana at the time of his death. *See* (*id.* at 2, 6, ¶¶ 3, 18); 28 U.S.C. § 1332(c)(2) (for purposes of diversity jurisdiction, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent…"). "Citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).[3] "Citizenship is equivalent to

---

[3] While "[r]esidence alone is not the equivalent of citizenship,…the place of residence is prima facie the domicile" when there is an evidentiary challenge to a party's citizenship. *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). *Accord Slate v. Shell Oil Co.*, 444 F. Supp. 2d 1210, 1215 n.9 (S.D. Ala. 2006) (Steele, J.) ("[W]hile the two concepts are analytically distinct, a party's place of residence is *prima facie* evidence of his domicile."). Nevertheless, the fact that residence may be *prima facie* <u>evidence</u> of domicile does not relieve the party invoking diversity jurisdiction of the burden of <u>alleging</u> a natural person party's place of domicile/citizenship, rather than simply that party's place of residence. The Eleventh Circuit has repeatedly held that mere allegations of residence do not satisfy that pleading burden. *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("As we indicated in remanding this case for jurisdictional findings, the allegations in Travaglio's complaint about her citizenship are fatally defective. Residence alone is not

'domicile' for purposes of diversity jurisdiction. A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (citations, quotations, and footnote omitted). That is, "domicile requires both residence in a state **and** 'an intention to remain there indefinitely....'" *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (quoting *McCormick,* 293 F.3d at 1258 (internal quotation marks omitted)) (emphasis added). *See also Mas*, 489 F.2d at 1399 ("For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient."). Accordingly, the Hogan LLC must allege Paul M. Hogan's state of citizenship/domicile at the time of his death to sufficiently allege complete diversity of citizenship.[4]

---

enough."); *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011) ("Ordinarily, the complaint must allege the citizenship, not residence, of the natural defendants."); *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 778 (11th Cir. 2008) (per curiam) (unpublished) ("The plaintiffs' complaint alleges only the residence of the nearly 100 plaintiffs, not their states of citizenship. Because the plaintiffs have the burden to affirmatively allege facts demonstrating the existence of jurisdiction and failed to allege the citizenship of the individual plaintiffs, the district court lacked subject matter jurisdiction on the face of the complaint." (internal citation and quotation omitted)); *Crist v. Carnival Corp.*, 410 F. App'x 197, 200 (11th Cir. 2010) (per curiam) (unpublished) ("The allegation that Crist is a 'resident' of Florida is insufficient for diversity jurisdiction purposes because residency is not the equivalent of citizenship." (citing *Cong. of Racial Equal. v. Clemmons*, 323 F.2d 54, 58 (5th Cir. 1963) ("Diversity of citizenship, not of residence, is required under 28 U.S.C.A. § 1332. Wherever jurisdiction is predicated upon the citizenship (or alienage) of the parties, it should be noted that **since residence is not the equivalent of citizenship, an allegation that a party is a resident of a certain state or foreign country is not a sufficient allegation of his citizenship**." (quotation and citation omitted) (emphasis added))).

[4] Given that the operative complaint at the time of removal demanded at least $605,762.64 in damages, exclusive of interests and costs, § 1332(a)'s requisite minimum amount in controversy is clearly satisfied.

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "[T]he failure to establish a party's citizenship at the time of filing the removal notice is a procedural, rather than jurisdictional, defect." *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) (quotation omitted). "If a party fails to specifically allege citizenship in their notice of removal, the district court should allow that party 'to cure the omission,' as authorized by § 1653." *Id.* at 1297. Upon consideration, the Hogan LLC is hereby **ORDERED** to file and serve, no later than **Wednesday, May 8, 2019**, an amended or supplemental Notice of Removal that corrects the above-described deficiency in its allegations supporting diversity of citizenship under § 1332(a), or that alleges some alternative basis for subject matter jurisdiction. The failure to comply with this order may result in remand of this action *sua sponte* for lack of subject matter jurisdiction under 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## II. Plaintiff's Amended Complaint

On April 12, 2019, following removal, Defendant M. David Hogan filed *pro se* an answer to the initial complaint. (Doc. 2). To date, the Hogan LLC has not filed an answer or Rule 12 motion in response to the initial complaint. On April 24, 2019, the Plaintiff filed its First Amended Complaint, which joins Brent Upshaw and Blake Ogilvie as defendants in this action. (Doc. 14). Generally, such amendment as a matter of course would have been proper under Federal Rule of Civil Procedure

15(a)(1)(B). However, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). A "district court ha[s] no discretion to add [a nondiverse party] as a defendant, retain jurisdiction and decide the case on the merits." *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 863 (11th Cir. 1998). Rather, when § 1447(e) applies, a district court has "only two options: (1) deny joinder; or (2) permit joinder and remand [the] case to state court." *Id.*

The First Amended Complaint only alleges Upshaw and Ogilvie's state of residence (*see* Doc. 14 at 2, ¶¶ 4 – 5), which, as explained above, is insufficient to allege a natural person's citizenship. Because the Plaintiff has failed to adequately demonstrate that Upshaw and Ogilvie's citizenships are diverse from the Plaintiff's, their joinder is denied at this time, and the First Amended Complaint (Doc. 14) is hereby **STRICKEN**. However, the Plaintiff is hereby granted leave to file and serve, no later than **Wednesday, May 8, 2019**, a second amended complaint that is otherwise identical to the First Amended Complaint but that sufficiently alleges that Upshaw and Ogilvie are diverse from the Plaintiff (i.e., that alleges their states of citizenship/domicile, as opposed to mere residency). If Upshaw and/or Ogilvie are in fact not diverse from the Plaintiff, the Plaintiff must seek leave of the Court to join the non-diverse defendant(s), in accordance with § 1447(e).

**DONE** and **ORDERED** this the 1st day of May 2019.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**